UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CAROLE MAY,

       Plaintiff,                                        Hon. Ellen S. Carmody

v.

                                                       Case No. 1:14-cv-273

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**OPINION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. On May 22, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #9).

        Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

1

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial

interference.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 59 years of age on her alleged disability onset date.  (Tr. 172).  She successfully completed high school and worked previously as a commercial cleaner and retail store manager.  (Tr. 34, 53).  Plaintiff applied for benefits on October 20, 2010, alleging that she had been disabled since October 1, 2010, due to diabetes, arthritis, depression, carpal tunnel, knee failure, and obesity.  (Tr. 172-73, 215).  Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 62-171).  On April 6, 2012, Plaintiff appeared before ALJ W. Baldwin Ogden with testimony being presented by Plaintiff and a vocational expert.  (Tr. 30-61).  In a written decision dated May 8, 2012, the ALJ determined that Plaintiff was not disabled.  (Tr. 13-19).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 2-6).  Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) disorders of the knee; (2) diabetes mellitus; (3) obesity; and (4) disorders of the shoulder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 15).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform sedentary work subject to the following limitations: (1) she can only occasionally lift/carry 10 pounds; (2) during an 8-hour workday, she can sit for 6 hours and stand/walk for two hours; (3) she cannot lift more than 5 pounds at one time;[2] (4) she requires a sit/stand option; (5) she can only occasionally perform pushing and pulling activities with her hands; and (6) she can use her hands and fingers for typing and writing with normal break schedules. (Tr. 16). Based on the testimony of a vocational expert, the ALJ concluded that Plaintiff retained the ability to perform her past relevant work as a retail store manager. Accordingly, the ALJ denied Plaintiff's application for benefits.

I. **Plaintiff does not Meet Section 11.14 of the Listing of Impairments**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. As noted above, the ALJ determined that Plaintiff's impairments,

---

[2] The Court recognizes the inconsistency of the ALJ's conclusion that Plaintiff can occasionally lift 10 pounds, but cannot ever lift more than five pounds. When questioning the vocational expert, the ALJ referenced this five pound lifting limitation, thus this discrepancy appears harmless. (Tr. 54-55).

whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments. Plaintiff asserts that she is entitled to relief because she satisfies Section 11.14 of the Listing.

Section 11.14 of the Listing provides that a claimant is entitled to benefits if she suffers from peripheral neuropathies "[w]ith disorganization of motor function as described in section 11.04B, in spite of prescribed treatment." 20 C.F.R., Part 404, Subpart P, Appendix 1, Section 11.14. Section 11.04B describes disorganization of motor function as "[s]ignificant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C)." 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 11.04B. Section 11.00C defines "persistent disorganization of motor function" as "paresis or paralysis, tremor or other involuntary movements, ataxia and sensory disturbances. . .which occur singly or in various combinations." 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 11.00C.

The burden rests with Plaintiff to demonstrate that she satisfies the requirements of a listed impairment. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002). While the medical evidence reveals that she experiences knee and shoulder impairments which limit her ability to function, Plaintiff has failed to identify or present evidence to support her argument that her impairments satisfy the Listing definition articulated above. Accordingly, the Court finds that the ALJ's decision that Plaintiff's impairments do not satisfy Section 11.14 of the Listing of Impairments is supported by substantial evidence. Because the record does not contain evidence suggesting that Plaintiff's impairments satisfied or were equivalent in severity to Section 11.14 of the Listing, the Court likewise rejects Plaintiff's argument that the ALJ was required to

obtain testimony from a medical expert on this question. *See Courter v. Commissioner of Social Security*, 479 Fed. Appx. 713, 723 (6th Cir., May 7, 2012).

**II.        The ALJ's RFC Determination is not Supported by Substantial Evidence**

As noted above, the ALJ concluded that Plaintiff retained the ability to perform a limited range of sedentary work, including the ability to stand/walk for two hours during an 8-hour workday. Plaintiff argues that the ALJ's RFC fails to sufficiently account for her impairments and limitations. A claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996); *see also*, *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 116 (6th Cir., Nov. 18, 2010). In support of his RFC determination, the ALJ relied on two findings with which Plaintiff now takes issue. First, the ALJ rejected the opinion of Clinical Neurologist, Dr. Allan Clague that Plaintiff was unable to perform sustained gainful activity. The ALJ also rejected Plaintiff's subjective allegations regarding the nature and extent to which she is impaired.

Plaintiff was examined by Dr. Clague on July 12, 2011. (Tr. 315-19). Plaintiff detailed the difficulties she was experiencing ambulating and using her upper extremities. (Tr. 315-16). Specifically, Plaintiff related that she experiences numbness and tingling in her upper extremities which makes it difficult for her to perform a wide range of everyday activities. (Tr. 315-16). Plaintiff also reported that she experiences difficulty walking and "generally falls at least once a week." (Tr. 315-16). The results of a physical examination were consistent with Plaintiff's reports

and the doctor concluded that Plaintiff was no longer able to perform sustained gainful activity. (Tr. 317-19). Specifically, the doctor concluded that Plaintiff was suffering "severe underlying osteoarthritis and degenerative joint disease of the knees which has reached the point of bone on bone and has resulted in severe painful joint manifestations." (Tr. 318). The doctor concluded that, as a result, Plaintiff was susceptible to falling and seriously injuring herself. (Tr. 319).

Because Dr. Clague examined Plaintiff on only one occasion, his opinion is not entitled to any particular deference. *See, e.g., Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 506-07 (6th Cir. 2006). Nevertheless, the ALJ is required to evaluate the opinion offered by a non-treating physician pursuant to the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 376 (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

The ALJ disregarded Dr. Clague's opinion on the ground that such was not supported elsewhere in the medical record. (Tr. 18). The ALJ specifically rejected the doctor's observation regarding Plaintiff's inability to ambulate, stating that there existed "no credible evidence" that Plaintiff's impairments would cause her to fall and suffer injury. (Tr. 18). While the medical evidence in this matter is not extensive, there certainly exists evidence supporting Dr. Clague's opinion that Plaintiff experiences great difficulty ambulating. For example, Dr. David Markel

observed that Plaintiff was experiencing "end-stage arthritis of the knee" which may necessitate "total knee arthroplasty." (Tr. 292). The ALJ's rejection of the opinion that Plaintiff's ambulation difficulties may cause her to fall and suffer injury completely ignores the fact that shortly after Dr. Clague made this observation, Plaintiff fell while walking and suffered a fractured and separated shoulder. (Tr. 351-407).

The ALJ's decision to discount Dr. Clague's opinion is not supported by substantial evidence. Because Dr. Clague is not a treating physician, the ALJ's failure to articulate good reasons for discounting such is not, by itself, necessarily grounds for relief. *See, e.g., Chandler v. Commissioner of Social Security*, 2014 WL 2988433 at *8 (S.D. Ohio, July 1, 2014). However, Dr. Clague's opinion, especially as regards Plaintiff's ability to ambulate, is inconsistent with the ALJ's RFC determination. In this regard, the Court concludes that the ALJ's RFC, at least as concerns Plaintiff's ability to stand and/or ambulate in a work setting, is not supported by substantial evidence.

**III.        The ALJ's Credibility Assessment is not Supported by Substantial Evidence**

Plaintiff testified at the administrative hearing that she was impaired to an extent well beyond that recognized by the ALJ. Specifically, Plaintiff testified that she experienced great difficulty ambulating. (Tr. 38-48). Plaintiff's testimony in this regard was consistent with her reports to her various care providers. The ALJ rejected Plaintiff's subjective allegations, however, on the ground that such were "not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 18). Plaintiff asserts that the ALJ's credibility assessment is not supported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical

impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

Nevertheless, "blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Minor v. Commissioner of Social Security*, 2013 WL 264348 at *16 (6th Cir., Jan. 24, 2013). Furthermore, the ALJ must "consider all objective medical evidence in the record, including medical signs and laboratory findings, where such evidence is produced by acceptable medical sources." *Id.*

Plaintiff argues that the language quoted above from the ALJ's opinion constitutes "meaningless boilerplate" the use of which is, in and of itself, sufficient ground for relief. While the Court does not dispute the characterization of the language in question as "boilerplate," the use of such is not by itself grounds for relief. Practical realities necessitate that boilerplate of some kind is often employed by the ALJ, the Court, as well as litigants. The shortcoming with the ALJ's

opinion is not that he employed boilerplate, but that such was not accompanied by any analysis expanding upon the objectionable language. As a result, the Court is simply unable to evaluate the ALJ's credibility assessment and determine whether such is supported by substantial evidence. *See, e.g., Doornbos v. Commissioner of Social Security*, 2014 WL 4987807 at *6 (W.D. Mich., Sept. 29, 2014) (failure by the ALJ to "articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning" renders his decision infirm).

**IV.     Remand is Appropriate**

The ALJ's conclusion that Plaintiff is not disabled was based on the vocational expert's testimony that if limited to the extent reflected by the ALJ's RFC determination, Plaintiff would still be able to perform her past relevant work as a retail store manager. As discussed above, however, the ALJ's RFC is not supported by substantial evidence and because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence

to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. The record fails to establish that Plaintiff is disabled. There does not exist overwhelming evidence that Plaintiff is disabled and while there arguably exists strong evidence supporting Plaintiff's position, there likewise exists a significant amount of evidence supporting the contrary conclusion. Simply put, evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor competent to undertake in the first instance. Accordingly, the Commissioner's decision is hereby reversed and this matter remanded for further factual findings.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **reversed and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.

Date: February 9, 2015                             /s/ Ellen S. Carmody
                                                   ELLEN S. CARMODY
                                                   United States Magistrate Judge